## Stewart et al. v. Inter-Ocean Reinsurance Corporation et al.

(Decided May 21, 1935.)

HIRAM H. OWENS for appellants.

TUGGLE & TUGGLE for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Sometime prior to 1931, the Bankers & Merchants' Fire Insurance Company issued to F. T. Moore a fire insurance policy on a building in Corbin, Ky. Thereafter, Pearl Stewart purchased the property and the policy was transferred to her. Subsequent to the issuance of the policy, the Lasalle Fire Insurance Company, hereinafter referred to as the Lasalle, under a reinsurance contract assumed all liability under the policy. Mrs. Stewart had executed a mortgage to the Louisville Title Company and a loss payable clause was attached to the policy as a protection to the mortgagee or the holder of the bonds. On May 23, 1932, the property covered by the policy was damaged by fire and notice and proof of loss was duly made to the Lasalle, and an adjuster was sent out and an agreement reached where-

by the loss was fixed at $2,300. In the meantime and on October 31, 1931, the Inter-Ocean Reinsurance Corporation, hereinafter called the Inter-Ocean, entered into a reinsurance contract with the Lasalle whereby the former assumed all outstanding and unterminated insurance liabilities of the latter, including the policy held by Mrs. Stewart. On October 30, 1932, the Lasalle executed and delivered to Pearl Stewart and the Louisville Title Company its draft of that date for the sum of $2,300 drawn on the American Bank & Trust Company of New Orleans, La. On January 17, 1933, the draft indorsed by the Louisville Title Company and Hiram H. Owens was cashed by the First National Bank of Barbourville for Hiram H. Owens and on that date was forwarded through the usual banking channels for presentment and payment at the drawee bank and, on January 20, 1933, was presented for payment at that bank, but payment was refused and the draft was protested. On January 6, 1933, the Lasalle had gone into receivership and a receiver had been appointed by the United States District Court for the District of Louisiana. Immediately after the draft was executed by the Lasalle to cover the loss on the Stewart property, it notified the Inter-Ocean,. and the latter on September 22 paid to the Lasalle the sum of $2,336.80 to cover the amount of the draft and some expenses incident to the adjustment.

The First National Bank instituted this action in equity against Pearl Stewart, Hiram H. Owens, the Louisville Title Company and the receiver of the Louisville Title Company and the Inter-Ocean seeking to recover the sum it had paid on the draft together with the protest fee and the attorney fee. Without going into full detail as to subsequent pleadings, it is sufficient to say that the Louisville Title Company and Hiram H. Owens reimbursed the First National Bank of Barbourville for the amount paid on the draft, and on their motion they were substituted to the right of plaintiff against the other defendants, and the action proceeded in the name of the First National Bank of Barbourville for the use and benefit of the Louisville Title Company and Hiram H. Owens against other defendants.

By answer the Inter-Ocean controverted the material allegations of the petition as amended, and in a

second paragraph set up its contract with the Lasalle and pleaded its payment of $2,300 to the latter to cover the amount of the draft executed by it as above indicated as a complete settlement and satisfaction of its liability under this policy.

In a third paragraph it pleaded that by their course of conduct and dealings with the Lasalle and in receiving and retaining its draft for more than four months, appellants elected and treated it as the insurer and responsible party in the policy at a time when they could have demanded and received payment from the Inter-Ocean, and that by reason of such action upon their part, they are barred and estopped from demanding payment of the Inter-Ocean.

In a fourth paragraph it alleged that if the draft had been presented for payment to the drawee within a reasonable time it would have been paid, and it pleaded the delay and laches upon the part of the Title Company and Mrs. Stewart in presenting the draft until after it had reimbursed the Lasalle and the latter had gone into receivership, as a bar and estoppel against them from exacting payment from it. By subsequent pleadings which it is unnecessary to detail, the issues were completed and the case was submitted upon the pleadings, exhibits and stipulation of facts. The stipulation set forth in substance the facts as above detailed. It was further stipulated, however, that the draft was sent to Hiram H. Owens, attorney for Pearl Stewart, but, at the time, the Louisville Title Company was in the hands of a receiver and a controversy arose as to how much was due it, the attorney for Mrs. Stewart insisting that a payment of $313 had been made on her indebtedness and that she was only liable for the balance; that at the time a suit was pending to determine whether the property owners or the holders of such mortgage bonds would be required to lose the sum which Pearl Stewart had paid to the Louisville Title Company as trustee and had not been disbursed by it to bond holders; that this controversy and litigation caused the delay in cashing the draft. The reinsurance contract between the Inter-Ocean and the Lasalle was also made a part of the stipulation.

It was adjudged by the chancellor that the petition and cross-petition of Pearl Stewart and the Louisville Title Company and Hiram H. Owens against the Inter-

Ocean be dismissed, and plaintiffs and cross-plaintiffs are appealing.

Counsel for appellants argue in effect that appellee is not discharged of its liability to the policyholder because it forwarded the money to cover the draft to the Lasalle and the latter had squandered and disposed of same before the draft was presented; and further that mere delay in presenting the draft drawn by the agent for the principal on the funds of the agent does not relieve the principal if the draft is not paid.

Counsel for appellee assert that appellants are estopped from asserting claim against a party secondarily liable when their delay in presenting the draft for payment placed such parties at a disadvantage. In support of this contention they cite Kentucky Statutes, secs. 3720b-70, 3720b-71.

Section 11 of the reinsurance contract between the parties reads:

"The reinsurance affected under this agreement, is for the benefit of the policy holder and treaty holder of the Lasalle and the Inter-Oceon shall be liable directly to said policy holders and treaty holders."

There is nothing in the record to indicate that the insured or the Louisville Title Company had any notice of the reinsurance contract between appellee and the Lasalle or that the former had assumed the liability of the latter under the policy, and it is to be assumed from their making proof of loss to the Lasalle that it had no notice or knowledge of that fact. The mere filing of that contract with the insurance commissioner did not bring either actual or constructive notice to the insured, and the plea that it did, and that insured by negotiations with the Lasalle in the adjustment of the loss and accepting the draft to cover same elected to prosecute its claim against that company and to waive its claim against appellee, cannot be sustained, and in fact it is not urged in the brief.

The sections of the statute cited and relied on by appellee in argument that it is released from liability because of delay in presenting the draft for payment read:

"Presentment for payment is not necessary in order to charge the person primarily on the

instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. But except as herein otherwise provided presentment for payment is necessary in order to charge the drawer and endorsers.''

''Where the instrument is not payable on demand, presentment must be made on the day it falls due. Where it is payable on demand, presentment must be made within a reasonable time after its issue, except that in the case of a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof.''

Appellee is basing its contention upon the theory that plaintiff's unreasonable delay and laches in presenting the draft for payment was the occasion of the loss; or, in other words, it is relying upon the general equitable principle that where one of two innocent parties must bear a loss it must be borne by the one whose conduct made it possible. Cf. Citizens' Union National Bank v. Terrell, 244 Ky. 16, 50 S. W. (2d) 60, and cases therein cited.

The reinsurance contract, among other things, further provided in substance that the Lasalle would continue without expense to the Inter-Ocean to supervise the adjustment of loss claims under policies reinsured under the contract, and it would send prompt reports of all losses of which it had received advice and would render proof of loss showing the requisite particulars bearing the signature and certificate of the company or authorized representative and the amount of the Inter-Ocean's proportion of such losses which would be promptly paid by the Inter-Ocean. Under the reinsurance contract, the loss sustained by the insured was a direct obligation of appellee, and it is nowhere provided that the Lasalle should pay such loss and look to appellee for reimbursement.

Appellee either constituted the Lasalle its agent to make settlement with insured, or it adopted and ratified its acts in so doing, which would have the same effect. If a draft sent by appellee or its agent had through negligence or laches upon the part of insured been held for an unreasonable time and the bank after

expiration of a reasonable time had closed its doors because of insolvency so that a loss would necessarily fall upon one of the parties, the provisions of the statute and the equitable principle relied upon by appellee might have applied; but no such situation is presented. The loss, if any there must be, had been occasioned by the insolvency of appellee's agent, and the insured or those subrogated to her rights should not be made to suffer because appellee had selected an irresponsible financial agent as a medium through which to pay its just claims. The stipulation of facts makes a reasonable explanation of the delay in cashing the draft, but whether that would have been a sufficient reason to excuse the delay, if the bank had failed in the circumstances above indicated, we need not determine.

Appellee is not in a position to rely upon alleged negligence or delay of the insured or other appellants in dealing with it, since by the exercise of proper diligence it might have avoided the consequence of the acts of which it complains. It failed to notify insured that it had assumed liability under the reinsurance contract and that losses arising under the policy would be paid by it. It left insured to assume, as she had a right to and did, that she was to deal with the Lasalle. The loss has not been paid and the situation is simply this: Appellee has reimbursed its agent for a claim which the latter has never paid, and this is due to no fault upon the part of insured. Appellee has not discharged its obligation to insured which it should be required to do.

For the reasons indicated, the judgment is reversed, with directions to enter judgment in conformity with this opinion.